UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-CV-0003-JMH

LOIS D. MONTGOMERY                                                                    PLAINTIFF

v.                                          **OPINION & ORDER**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                                          DEFENDANT

* * * * * * * * * *

This matter is currently before the Court upon the motion of the plaintiff, Lois D. Montgomery, for attorney's fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. §2412(d) [DE #25]. Specifically, the plaintiff seeks an attorney's fee award of $2,031.25 and an expense award of $350.00 to be paid directly to her counsel. While the Commissioner has no objection to an award of attorney's fees and expenses under the EAJA in this matter, the Commissioner does object to the plaintiff's request that the award be payable directly to counsel based on *Astrue v. Ratliff*, 560 U.S. 586 (2010). In *Astrue*, the Supreme Court held that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney, and therefore is subject to an offset to satisfy a pre-existing debt owed by the plaintiff to the Government.

*Astrue* clearly states that under the plain text of the statute, the EAJA awards "the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue*, 560 U.S. at 593. This implies that fees under the EAJA should be paid to litigants regardless of whether the Commissioner presently shows that the litigant has a federal debt or not. In fact, the Sixth Circuit has stated, "we are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees

under the EAJA." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 448 (6th Cir. 2009).

Here, as a part of her agreement with her counsel, the plaintiff has assigned any EAJA fees to her counsel [DE #25-1]. However, the Commissioner contends that this agreement is not an effective assignment of a claim under the Anti-Assignment Act, 31 U.S.C. § 3727. The Anti-Assignment Act imposes certain restrictions on the assignment of claims against the United States, and applies to any award of EAJA fees in this case. *See United States v. Gillis*, 95 U.S. 407, 413 (1877)("No language could be broader or more emphatic than these enactments. The words embrace every claim against the United States, however arising, or whatever nature it may be, and wherever and whenever presented"). Under the Anti-Assignment Act, there are stringent requirements which must be met before assignment of any claim, including the timing of assignments. For example, "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Any assignment not meeting these strict requirements is invalid and voidable. *See Kalar v. Astrue*, 2012 WL 2873815 (E.D.Ky. July 13, 2012).

Furthermore, while *Turner v. Commissioner of Social Security*, 680 F.3d 721 (6th Cir. 2012), states in passing that "[f]ees are paid directly to the claimant . . . unless the claimant preemptively assigns the fee award to counsel," the Court agrees with the opinion expressed in *Kalar* that this statement from *Turner* is dicta, as the issues in *Turner* had no bearing on the issues involved in the present case. Therefore, while the Court will award attorney fees and expenses pursuant to the EAJA in the amount of $2,381.25, the fees and expenses are awarded to the plaintiff, not her attorney. In the event the plaintiff owes any pre-existing debt, the Government is entitled to offset the award.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that the

plaintiff's motion [DE #25] for attorney's fees pursuant to 28 U.S.C. § 2412(d) is **GRANTED**, and

the plaintiff is awarded EAJA fees in the amount of $2,381.25.  The motion is **DENIED** only to the

extent that the fee shall not be made payable to the plaintiff's counsel.

     This the 9th day of April, 2014.

Signed By:

_Joseph M. Hood_

Senior U.S. District Judge